# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMIRAH BAXTER, individually and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SILVER HEART HEALTHCARE AGENCY LLC,**<br><br>Defendant. | Civil Action No.:<br><br>Complaint — Class & Collective Action<br><br>Jury Trial Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Samirah Baxter ("Plaintiff"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant Silver Heart Healthcare Agency LLC ("Defendant" or "Silver Herat"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District

and is incorporated in this State.

## PARTIES

5.  Plaintiff Samirah Baxter is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff worked for Defendant as a home health aide performing home care support and services in Pennsylvania from May 2018 through May 2022. Plaintiff's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

6.  Defendant Silver Heart Healthcare Agency LLC ("Defendant" or "Silver Heart") maintains its headquarters in Philadelphia, Pennsylvania and is incorporated in Pennsylvania. Silver Heart is a provider of integrated healthcare services, offering home services to individuals with disabilities.

7.  Silver Heart employed Plaintiff and has employed and continues to employ similarly situated employees.

8.  Silver Heart employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.  Silver Heart's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

10. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective:

> All persons who worked for Silver Heart Healthcare Agency LLC ("Silver Heart") as a home health aide in the United States between August 16, 2019, and the present (the "FLSA Collective").

11.     Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All persons who worked with Silver Heart Healthcare Agency LLC ("Silver Heart") as a home health aide in Pennsylvania from August 16, 2018[1] to the present (the "Pennsylvania Class").

12.     The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes."

13.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14.     Silver Heart employs home health aides, such as Plaintiff, who perform a variety of services, including health care, medical care, medication management, feeding, bathing, and light housekeeping among other services, to elderly and disabled clients.

15.     From May 2018 through May 2022, Plaintiff was employed as a home health aide with Silver Heart.

16.     Silver Heart employed Plaintiff to provide home care support to its elderly and disabled clients.

17.     Plaintiff and Class Members provide domestic services in or about the private homes of Silver Heart's clients.

18.     Silver Heart is not a householder under the meaning of 34 Pa. Code § 231.1. Instead, Plaintiff and Class Members perform work in or about a private dwelling for Silver Heart in Silver Heart's pursuit of a trade, occupation, profession, enterprise or vocation.

19.     As a home health aide, Plaintiff assisted her client with tasks such as dressing,

---

[1] The statute of limitations for Plaintiff's unjust enrichment claim is four years.

3

personal care, preparing meals, light housekeeping and medication reminders. Other members of the Classes performed the same or substantially similar job duties.

20. Silver Heart paid Plaintiff and the Classes at an hourly rate of pay and only paid straight time for hours worked. For example, Plaintiff was paid $12 per hour.

21. Plaintiff routinely worked more than forty hours per week. For example, Plaintiff routinely worked and was paid straight time for 80-110 hours per week. Members of the Pennsylvania Class routinely worked similar schedules.

22. Silver Heart did not properly pay Plaintiff and the Pennsylvania Class overtime compensation for hours worked over forty (40) per workweek.

23. Plaintiff complained to Silver Heart that she was not paid overtime pay when she worked over forty hours per week. Plaintiff was told that Silver Heart does not pay overtime.

24. Silver Heart knowingly disregarded the FLSA by failing to properly compensate Plaintiff and Classes for hours worked in excess of forty (40) during the workweek.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

25. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

26. Plaintiff desires to pursue her FLSA claim on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Silver Heart's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid their regular rate or minimum wage for hours worked for mandatory training. Resolution of this action requires inquiry into common

facts, including, *inter alia*, Silver Heart's common compensation and payroll practices.

28. The similarly situated employees are known to Silver Heart, are readily identifiable, and can easily be located through Silver Heart's business and human resources records.

29. Silver Heart employs many FLSA Collective Members. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the Pennsylvania Class defined above.

31. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

32. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

33. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Silver Heart has violated and continues to violate Pennsylvania law through its policy or practice of not paying its home health aide employees for all hours worked

and overtime compensation.

34. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

35. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Silver Heart's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Silver Heart.

37. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Silver Heart.

38. Without a class action, Silver Heart will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at or above the minimum wage. *See* 29 U.S.C. § 207.

41. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

42. Silver Heart is subject to the wage requirements of the FLSA because Silver Heart is an "employer" under 29 U.S.C. § 203(d).

43. Silver Heart is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

44. During all relevant times, Plaintiff and the FLSA Collective are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

45. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

46. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation

wage for hours worked over forty (40) pursuant to 29 U.S.C. § 207.

47.     Silver Heart, pursuant to its policies and practices, failed and refused to pay overtime wages to Plaintiff and the FLSA Collective.

48.     Silver Heart knowingly failed to compensate Plaintiff and the FLSA Collective overtime wages for hours worked, in violation of 29 U.S.C. § 207.

49.     In violating the FLSA, Silver Heart acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf Plaintiff and the Pennsylvania Class)

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked.  *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

52.     The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which s/he is employed.  *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

53.     Silver Heart is subject to the overtime requirements of the PMWA because Silver Heart is an employer under 43 P.S. § 333.103(g).

54.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections.  *See* 43 P.S. § 333.103(h).

55.     Silver Heart's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with the PMWA because Silver Heart failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly

wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

## COUNT III
## Unjust Enrichment
## (On Behalf of the Pennsylvania Class)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Silver Heart has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

58. At all relevant times hereto, Silver Heart devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without properly paying compensation for all hours worked, including overtime compensation.

59. Contrary to all good faith and fair dealing, Silver Heart induced Plaintiff and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law, including overtime compensation.

60. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without proper compensation as required by law, Silver Heart enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Silver Heart retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

61. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Silver Heart.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

d. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: August 16, 2022                Respectfully submitted,

LICHTEN & LISS-RIORDAN, P.C.

*/s/ Krysten L. Connon*
Sarah R. Schalman-Bergen
(Pa Bar No. 206211)
Krysten Connon (Pa Bar No. 314190)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com

*Attorneys for Plaintiff and the Proposed Class and Collective*

10